## Perdick v. United Materials Company

*R. J. DeRaymond*, for plaintiff.
*Alan M. Black*, for defendant.

SCHEIRER, J., November 4, 1964.—Defendant's motion for judgment on the pleadings has caused us to review the pleadings, consisting of a complaint, an answer containing new matter and a reply, and from these pleadings we find the admitted facts to be as follows:

J. Fred Perdick contracted to perform certain work on a shopping center being constructed by Robert Chuckrow Construction Company, Inc. (referred to hereinafter as "Chuckrow") on land situated in Whitehall Township and owned by Nero Properties, Inc. The concrete necessary to the performance of the work was purchased by Perdick from United Materials Company, defendant in this action. When Perdick was subsequently adjudicated a bankrupt, he was indebted to defendant in an amount which is in dispute but, in any event, was in excess of $7,000. Perdick, meanwhile, was a creditor of Chuckrow in an amount alleged to be $8,235 for work completed pursuant to the contract. On June 5, 1961, after Perdick's adjudication as a bankrupt but before appointment of a trustee, Chuckrow, having been threatened with a mechanic's lien by defendant, paid to defendant the sum of $7,000. In return, Chuckrow received from United a release of all

liens and an assignment of United's claim against the bankrupt. It is admitted by plaintiff that the payment to defendant was made by Chuckrow with funds which belonged to it, and which were not in any way subject to attachment, lien, pledge or other interest of the bankrupt and that the bankrupt's only claim against Chuckrow was that of a general creditor. Finally, it is expressly alleged by plaintiff that the payment made to defendant by Chuckrow was "without the consent of the bankrupt or anyone connected with him".

Plaintiff's suit seeks to recover $7,000 from the defendant and is expressly based upon section 60(a) of the Bankruptcy Act of July 1, 1898, as amended, and the Act of June 4, 1901, P. L. 404, 39 PS §151, both of which seek to prevent the preferential treatment of one or more creditors of an insolvent debtor at the expense of the remaining creditors. By the terms of the Federal and State statutes, a voidable preference occurs when a debtor makes or suffers a transfer of his property to or for the benefit of a creditor, for or on account of an antecedent debt, resulting in a depletion of the estate, while insolvent and within four months of bankruptcy or commencement of insolvency proceedings. If one or more of the foregoing elements are absent, a transfer to a creditor cannot be avoided.

We believe that the pleadings filed by plaintiff in this action show affirmatively and unequivocally that the moneys paid to defendant did not constitute a voidable preference and cannot, therefore, be set aside. The payment was made with Chuckrow's moneys, in which the bankrupt had no interest. It was effected without the consent of the bankrupt or anyone on its behalf, and it did not, in any way, diminish the bankrupt's estate. When the transfer was made, the bankrupt was the holder of an account receivable against Chuckrow, and that account passed upon bankruptcy to the trustee, who is the plaintiff in this action. Chuckrow's in-

debtedness to the bankrupt was neither satisfied nor diminished by a payment to a person unauthorized by the bankrupt to receive the same, merely because that person happened to be a creditor of the bankrupt, and there are pleaded no facts from which the trier of facts could find a right in Chuckrow to withhold moneys due the bankrupt or satisfy its indebtedness to the bankrupt by making payment to a creditor of the bankrupt. Indeed, this appears to have been recognized by Chuckrow, for, in making the payment, it took from defendant not only a release to protect itself against the threatened lien but also an assignment of defendant's claim against the bankrupt.

Boiled down to its barest essentials, a debtor of the bankrupt, when threatened with mechanic's lien proceedings by a creditor of the bankrupt, paid to such creditor without the consent of the bankrupt a sum of money in exchange for a release and an assignment of the creditor's claim against the bankrupt. The cases establish clearly, however, that a transfer of money by a third person to a creditor of the bankrupt, which transfer does not issue from the assets of the bankrupt, does not diminish the bankrupt's estate and is, therefore, not a voidable preference: Mason v. National Herkimer County Bank of Little Falls, 172 Fed. 529 (C.C.A., 2nd Cir.) ; Keenan Pipe & Supply Company v. Shields, 241 F.2d 486 (C.C.A., 9th Cir.). See also 3 Collier, Bankruptcy, p. 880, et seq.

Plaintiff relies heavily on Shapiro v. Royal Indemnity Company, 129 F. Supp. 54 (W. D. Pa., 1954), affirmed 224 F.2d 89, wherein a preference was found to exist from the payment of moneys withheld under a contract to the contractor's bonding company for payment of creditors whose claims arose by virtue of work done and materials supplied on the job, the performance of which was guaranteed by the bonding company. This decision does not support plaintiff's argu-

ment, however, for there, not only was there a contractual right to withhold moneys under certain circumstances, but the transfer of moneys was made with the express prior consent of the insolvent contractor. In the instant matter, plaintiff has himself alleged that the payment of moneys by Chuckrow to United Materials was made without the prior consent of Perdick.

And should it be that the statutes protecting against preferences have no applicability to transfers made after an adjudication of bankruptcy, the result in this action is not altered. The payment was made by Chuckrow either in an effort to settle the threat of lien created by defendant, or in the mistaken belief that it could satisfy thereby the claim of the bankrupt. In either event, the claim of the bankrupt's trustee is against Chuckrow on the original indebtedness.

In reaching our conclusion that no voidable preference has been pleaded, we have placed no reliance on defendant's argument that Chuckrow guaranteed payment for concrete sold to the bankrupt in order to induce defendant to continue making deliveries in the face of the bankrupt's failure to pay therefor, for this has been effectively denied by plaintiff. Similarly, we have not attempted to determine whether defendant was within the class of persons intended to be protected by the Pennsylvania Mechanic's Lien Law of August 24, 1963, P. L. 1175. It is admitted by plaintiff, however, that whether or not defendant could sustain its right to file a lien, its threat to file the same caused Chuckrow to pay to defendant, from its own funds and without the bankrupt's consent or authorization, the sum of $7,000 in exchange for a release and an assignment of defendant's claim against the bankrupt. Under the facts pleaded in this case, therefore, plaintiff's cause of action is against Chuckrow and not against this defendant.

We would not, under normal circumstances, enter a summary judgment on the pleadings without first giving to a party the right to amend. Our decision, however, is based on facts affirmatively and positively pleaded by plaintiff, and not on omissions or ambiguities appearing therein. Inasmuch as plaintiff appears to have pleaded his best case, therefore, we find no purpose to be served by granting leave to amend.

And now, November 4, 1964, defendant's motion for judgment on the pleadings is allowed, and it is ordered that judgment be and it is hereby entered in favor of defendant.